842 F.2d 1292
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Randolph Willis RINGSTAD, Petitioner-Appellant,
v.
Kenneth D. McKELLAR, Warden; Attorney General of the State
of South Carolina, Respondents-Appellees.
 No. 87-7666.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 3, 1988.
Decided March 3, 1988.
 
 Stephen John Henry for appellant.
 Salley Wood Elliott, Assistant Attorney General (T. Travis Medlock, Attorney General; Donald J. Zelenka, Chief Deputy Attorney General, on brief), for appellees.
 Before HARRISON L. WINTER, Chief Judge, and CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Ringstad appeals the denial of a federal writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Ringstad was indicted in October, 1982 for burglary and assault with intent to commit criminal sexual conduct, first degree. He was tried before a jury in the Court of General Sessions, Greenville, South Carolina. At the conclusion of testimony on November 2, 1982, the trial court instructed the jurors not to discuss the case with anyone and sent them to view the scene of the crime. It subsequently came to the court's attention that juror Brashier attended a party that evening at which she had a conversation with a government witness about the lights at the scene of the crime. The juror's comments suggested that she had doubts about the victim's identification of the defendant. After questioning the juror in camera, the court indicated that the defendant was entitled to a mistrial. The defendant, after conferring with counsel, decided to go forward with the trial and juror Brashier was replaced with an alternate juror. On November 4, 1982, the jury convicted Ringstad of both charges.
 
 
 2
 In his petition for habeas relief, Ringstad contends that the trial court committed prejudicial error by replacing juror Brashier, who appeared to be favorable to the defense, and that defense counsel rendered ineffective assistance by not opposing Brashier's replacement. We find no merit to either of these claims and therefore affirm the district court's denial of habeas relief.
 
 
 3
 We find no abuse of discretion in the trial court's replacement of juror Brashier with an alternate juror. The decision to replace a juror is committed to the sound discretion of the trial court and will not be disturbed so long as there is a sound factual basis for the court's exercise of its discretion. See United States v. Rodriguez, 573 F.2d 330, 332 (4th Cir.1978). The court learned that juror Brashier had violated the court's instructions by questioning a government witness about the lighting at the scene of the crime and the victim's ability to identify her assailant. These comments bore directly on the primary issue at trial, the reliability of the victim's identification of the defendant. In light of these circumstances, the court indicated that it would declare a mistrial if the defendant so desired. When the defendant decided to go forward with the trial, the court appropriately exercised its discretion by replacing juror Brashier to insure the integrity and impartiality of the jury. In any event, defendant suffered no prejudice by virtue of the fact that juror Brashier's comments indicated that she might have been inclined to doubt the victim's identification of the defendant. Defendant is entitled to a fair and impartial jury, not a favorable one. See United States v. Johnson, 657 F.2d 604, 606 (4th Cir.1981).
 
 
 4
 We similarly find no merit to appellant's contention that defense counsel's failure to object to juror Brashier's removal constituted ineffective assistance of counsel. To establish a claim of ineffective assistance, appellant must demonstrate that counsel's performance was deficient and that deficient performance was prejudicial to the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1983). Defense counsel made a reasonable tactical decision in advising Ringstad not to take a mistrial but to proceed with the case based on the possibility that if juror Brashier favored the defendant, other members of the jury panel might also be so inclined. In light of the juror Brashier's obvious misconduct in disregarding the court's instructions and the unlikelihood that the trial court would permit Brashier to continue as a juror, any objection to juror Brashier's replacement was likely to have been futile. Furthermore, while one may infer from juror Brashier's comments that she harbored some doubts about the victim's ability to see the defendant, it would be sheer, unsupported speculation to conclude that, after considering all of the evidence, she would have ultimately decided that the defendant was not guilty. Defendant has thus failed to show that counsel's decision not to oppose juror Brashier's removal was either deficient or prejudicial.
 
 
 5
 For the foregoing reasons, the judgment of the district court is
 
 
 6
 AFFIRMED.